# IN THE COURT OF APPEALS OF IOWA

No. 22-1539
Filed April 12, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHARLES EDWARD WHITTINGHILL, JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.


A defendant appeals from an imposed sentence.  **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Charles Whittinghill pled guilty to possession with intent to deliver methamphetamine. The plea agreement allowed for both parties to present argument on sentencing but provided the State would not resist Whittinghill's request to enter a Residential Correctional Facility (RCF) for substance-abuse treatment, provided Whittinghill was approved for RCF prior to the sentencing hearing. After finding Whittinghill had entered into the plea knowingly and voluntarily, the district court deferred ruling on acceptance of the plea agreement until the presentence investigation report (PSI) was complete.

At the sentencing hearing, the court accepted the plea agreement. The State, citing the PSI, argued for incarceration. Whittinghill argued for placement in a RCF, although it appears the facility rejected his admission request prior to sentencing. Whittinghill claimed his conviction was premised on his drug addiction; as a result, treatment and probation would be an appropriate sentence. The court, after a thorough analysis of Whittinghill's lengthy criminal history, repeated parole and probation violations, and prior failed attempts at substance-abuse treatment, sentenced Whittinghill to an indeterminate ten-year period of incarceration.

Whittinghill now appeals. He claims the district court abused its discretion by sentencing him to prison rather than a community-based treatment program because, due to his drug addiction, attending such a program would be the best method of rehabilitating him and protecting the community.[1] *See* Iowa Code

---

[1] As part of this argument, Whittinghill contends the court did not consider less restrictive options than prison. But the court expressly noted, "In the entire thought process, I start with the least restrictive alternatives before moving on to the more restrictive."

§ 901.5 (2022). "Our review of a sentence imposed in a criminal case is for correction of errors at law. We will not reverse the decision of a district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (internal citation omitted). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.*

Upon our review, we determine the district court did not abuse its discretion during sentencing. The PSI indicates Whittinghill has had repeated opportunities to engage in substance-abuse treatment, failing each time. Past rehabilitation attempts that kept Whittinghill out of prison have failed. He has over twenty prior convictions. His history on probation and parole includes a multitude of violations—he has had prior probations extended twice, revoked five times, and was found in contempt for violations of the terms of probation three times. He has also absconded from work release twice. And his current parole officer indicated Whittinghill was putting "very little effort" into his parole. Such behavior indicates further attempts at community supervision will not be productive. *See State v. Carlson*, No. 19-2113, 2021 WL 210702, at *2 n.2 (Iowa Ct. App. Jan. 21, 2021) ("We have often said or implied it is appropriate for a sentencing court to consider the defendant's likelihood of success on probation.").

Whittinghill seems to assert the only valid penological justification for incarceration is specific deterrence, which is ineffective in the context of drug addiction. But even assuming that his argument regarding deterrence is true, such ignores the district court's recognition of other justifications for incarceration, including incapacitation, which are consistent with the legislature's command that

sentences should, in part, be crafted to protect the public. *See* Iowa Code § 901.5. Given the repetitive nature of Whittinghill's conduct, it was not unreasonable for the court to conclude incarceration was necessary to protect the public from further offenses.

Ultimately, we, like the district court, determine the PSI aptly described the need to incarcerate Whittinghill:

> To be quite succinct, the defendant's behavior speaks for itself. He has had extensive contact with the criminal justice system for approximately 30 years and has often times not performed well when given the opportunity for a community-based program. . . . He has been given the opportunity for substance abuse and mental health treatment in the past, but has consistently failed to follow through with those programs. There is no doubt that these issues have caused him a great deal of turmoil, stress and legal issues, however, if he chooses to not address these problems, he does not leave much in the way of viable options.

By crafting a sentence in light of Whittinghill's criminal history, past conduct on probation, and prior attempts at substance-abuse treatment, the court did not abuse its discretion in sentencing Whittinghill to a period of incarceration.

**AFFIRMED.**